IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JASON SCOTT RATLIFF,**

    **Plaintiff,**

v.                                                     Case No. 3:24-cv-00168

**THE CITY OF HUNTINGTON, et al.,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

On April 3, 2024, Plaintiff Jason Scott Ratliff, proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed Plaintiff's allegations, the undersigned **FINDS** that the complaint is frivolous and fails to state a claim upon which relief may be granted. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1)*,* as moot, **DISMISS** this case, and **REMOVE** it from the docket of the Court.

### I.  Relevant Facts

Plaintiff complains about two separate, but related events. First, he alleges that his brother, Christopher Ratliff, was the victim of excessive force by members of the

1

Huntington, West Virginia Police Department, which resulted in his brother's death in July 2008. (ECF No. 2 at 2, 6-7). Second, Plaintiff claims that three or four years ago, he began posting details about his brother's "very violent death at the hands of local and state police" and, shortly thereafter, Plaintiff became the victim of torture applied through a "terroristic and inhumane tool that creates an electromagnetic pulse and makes cardiac activity in the human body very strained and painful and makes sleep an absolute impossibility." (*Id.* at 2). According to Plaintiff, he has reached out for help from state, local, and federal authorities, but they have done nothing to assist him. (*Id.* at 3-4). He tried to escape the torture by moving to Florida, but that effort was likewise unsuccessful. (*Id.*). Plaintiff alleges that the electromagnetic pulses—which he believes is being applied by state, local, and federal law enforcement agents—continues unabated. (*Id.* at 4-5, 8-12). Plaintiff believes the torture is designed to make the targeted person commit suicide and claims that his health has deteriorated significantly since the torture began. (*Id.* at 5, 8). For relief, Plaintiff requests that the Court reopen a civil action filed and dismissed against the officers involved in his brother's death. (*Id.* at 14).

The Court's electronic case management system shows that a civil rights action was filed in the Circuit Court of Cabell County, West Virginia in November 2008 by Geneva Maynard, Administratrix of the Estate of Christopher Ratliff, claiming that the decedent died as a result of excessive force used by Defendants. *See Maynard v. The City of Huntington,* Case No. 3:09-cv-00101 (S.D.W. Va. Feb. 5, 2009), ECF No. 1.[1] The case was removed to this Court in February 2009 and was ultimately dismissed on Defendants' Motion for Summary Judgment. *Id.,* ECF Nos. 1, 51. The dismissal was appealed to the

---

[1] A court may take judicial notice of public records, such as court filings. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

2

United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which found no reversible error by this Court and affirmed the judgment. *Maynard v. City of Huntington*, 399 F. App'x 782 (4th Cir. 2010). No further appeal was taken.

## II.   **Standard of Review**

Under the provisions of 28 U.S.C. § 1915(e)(2), a court must screen each case in which a person seeks to proceed *in forma pauperis.* 28 U.S.C. § 1915(e)(2)(B). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328.

Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In the context of a *pro se* complaint, such as the one filed in this civil action, the court must liberally construe the allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 127 S.Ct.

2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a cause of action that is cognizable in federal court. *Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Plaintiff's complaint cannot survive initial screening for several reasons. With respect to the claims of his brother's estate, Plaintiff cannot proceed because he is not the legal representative of the estate. Fed. R. Civ. P. 17(b)(3) "instructs the court to determine capacity to sue by examining 'the law of the state where the court is located.'" *In re Camp Lejeune Water Litig.*, __ F. Supp. 3d __, 2024 WL 816218, at *4 (E.D.N.C. Feb. 27, 2024) (quoting Fed. R. Civ. P. 17(b)(3)). Under West Virginia law, an action for wrongful death must be brought "by and in the name of the personal representative of such deceased person who has been duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country." *See* W. Va. Code § 55-7-6. As demonstrated in the prior lawsuit brought on behalf of the Estate of Christopher Ratliff, the person duly appointed as the estate's representative is Geneva Maynard, not Plaintiff. *See Maynard,* Case No. 3:09-cv-00101, ECF No. 1 at 7. Plaintiff provides no paperwork to establish that the estate's representative has been changed to him. Even if he could establish that he is the estate's duly appointed representative, this case would still require dismissal, because "the personal representative of an estate cannot represent the estate

pro se if there are other beneficiaries or creditors involved." *Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659 (4th Cir. 2004). Plaintiff asserts in his complaint that his mother, Geneva Maynard, is trying to help him; accordingly, there appears to be at least one other beneficiary of the estate.

In addition to these procedural problems, the Court cannot reopen the prior case involving the alleged wrongful death of Christopher Ratliff, because a final judgment was entered in the case in 2010 when the Fourth Circuit upheld this Court's dismissal on summary judgment and no further appeal was taken. Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for mistake, inadvertence, fraud, when the judgment is void or satisfied, or for a reason justifying the relief. *See* Fed. R. Civ. P. 60(b). Plaintiff offers no ground upon which to reopen the case that falls within any of these categories. *See Daulatzai v. Maryland,* 97 F.4th 166, 178 (4th Cir. 2024) (explaining that relief under Rule 60(b) must be based on one of the six grounds identified and the last ground, Rule 60(b)(6), requires a showing of extraordinary circumstances.). Therefore, the undersigned **FINDS** that Plaintiff is not the proper party to pursue a claim on behalf of his brother's estate; the judgment involving his brother's estate is final; and Plaintiff provides no justification for reopening the estate's case.

As to Plaintiff's allegations regarding his torture by electromagnetic pulses, allegations that are fanciful or outlandish may be disregarded by the Court, and a complaint that relies on such allegations may be dismissed as factually frivolous. *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *see also McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009), abrogated

5

on other grounds by *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"); *Andrews v. Lower, LLC*, No. 1:23CV871, 2024 WL 1349590, at *2 (M.D.N.C. Mar. 29, 2024) (finding allegations that the defendants, including a prosecutor and judge, intimidated, subjugated, extorted, and coerced the plaintiff to declare bankruptcy; that the United States was controlled by the Roman Pope; and that lawyers were in the business of taking away constitutional rights from sovereign citizens and giving their power to a foreign banking family were "bizarre and delusional," and lacked "a sufficient factual basis."); *Strong v. United States,* No. 11CV2957 JLS (WVG), 2012 WL 202780 (S.D. Cal. Jan.23, 2012) (Plaintiff's claim that he had been "labeled as an enemy of the United States" due to his drug addiction and was being surveilled by unmanned drones was dismissed frivolous); *Raiford v. FBI,* No. 1:10-2751-MBS-JRM, 2010 WL 6737887 (D.S.C. Nov.17, 2010) (claims of stalking by aircraft were frivolous); *Marshall v. Green,* No. 3:10CV-224-H, 2010 WL 1959514 (W.D. Ky. May 17, 2010) (claims of "bizarre conspiracy theories" related to government stalking were frivolous); *Tooley v. Naplitano,* 586 F.3d 1006, 1009–10 (D.C. Cir. 2009) (claims of constant surveillance by government were "flimsier than doubtful or questionable … essentially fictitious"). Here, Plaintiff's assertions that state, local, and federal law enforcement agencies are "gang stalking" him and recruiting "regular people" to torture him with invisible electromagnetic pulses are wholly conclusory and devoid of any supporting factual allegations. "The allegations are also so outlandish and unmoored from reality that the Court is unable to discern any potentially plausible claim under § 1983 or Bivens." *Pippinger v. Buncombe Cty. Govt. Employees,* No. 1:23-CV-00348-MR, 2024 WL 1661712, at *2 (W.D.N.C. Apr. 17, 2024); *Jacobus v. Huerta*, No. 3:12-CV-02032,

6

2013 WL 673233, at *6 (S.D.W. Va. Feb. 22, 2013), *report and recommendation adopted,* No. CIV.A. 3:12-02032, 2013 WL 1723631 (S.D.W. Va. Apr. 22, 2013), *aff'd,* 540 F. App'x 208 (4th Cir. 2013). Even Plaintiff concedes that his claims do not make much sense and are very hard to believe. (ECF No. 2 at 2, 12). Therefore, the undersigned **FINDS** that Plaintiff's claims of harassment, stalking, and torture by Defendants and others are factually unsupported and frivolous.

## IV.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge adopt the findings herein and **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, as moot, (ECF No. 1), **DISMISS** this case, and **REMOVE** it from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED**: April 23, 2024

Cheryl A. Eifert
United States Magistrate Judge